| Attorney or Party Name, Address, Telephone & FAX Numbers, State Bar Number & Email Address | FOR COURT USE ONLY |
|---|---|
| TIMOTHY J. YOO (State Bar No. 155531) tjy@lnbyg.com CARMELA T. PAGAY (State Bar No. 195603) ctp@lnbyg.com LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P. 2818 La Cienega Avenue Los Angeles, California 90034 Telephone: (310) 229-1234 Facsimile: (310) 229-1244 <br><br> ☐ *Plaintiff(s) appearing without attorney* <br> ☒ *Attorney for Plaintiff(s)* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re: <br><br> THOMAS VINCENT GIRARDI, <br><br><br> Debtor(s). | CASE NUMBER: 2:20-bk-21020-BR <br><br> ADVERSARY NUMBER: 2:21-ap-01216-BR <br><br> CHAPTER: 7 |
|---|---|
| JASON M. RUND, Chapter 7 Trustee, <br><br><br> Plaintiff(s), <br><br> vs. <br><br> THOMAS VINCENT GIRARDI, <br><br><br> Defendant(s). | **PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT UNDER LBR 7055-1** <br><br> DATE: 01/18/2022 <br> TIME: 1:00 pm <br> COURTROOM: 1668 <br> ADDRESS: Roybal Federal Building <br> 255 E. Temple Street <br> Los Angeles, CA 90012 |

**TO THE DEFENDANT, DEFENDANT'S ATTORNEY AND OTHER INTERESTED PARTIES:**

1. Name of Defendant(s) against whom default judgment is sought (*specify name*): Thomas Vincent Girardi

2. Plaintiff filed the complaint in the above-captioned proceeding on (*specify date*): 10/29/2021

3. The Summons and Complaint were served on Defendant by    ☐ personal service    ☒ mail service on the following date (*specify date*): 11/03/2021

4. A true and correct copy of the completed return of summons form is attached.

---

*"Bankruptcy Code" and "11 U.S.C." refer to the United States Bankruptcy Code, Title 11 of the United States Code. "FRBP" refers to the Federal Rules of Bankruptcy Procedure. "LBR" and "LBRs" refer to the Local Bankruptcy Rule(s) of this court.*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

5.  The time for filing an answer or other response expired on (*specify date*): 11/29/2021

6.  No answer or other response has been filed or served by Defendant.

7.  The default of Defendant:

    a.  ☐ Has not yet been entered, but is requested

    b.  ☒ Was entered on (*specify date*): 11/30/2021

8.  **A Status Conference:**

    a.  ☒ Is scheduled for (*specify date, time, and place*): January 18, 2022, 1:00 p.m., Courtroom 1668,
        Roybal Federal Building, 255 E. Temple Street, Los Angeles, California 90012

    b.  ☐ Was held on (*specify date, time, and place*): _____

        _____

9.  As proof that Plaintiff is entitled to the relief requested in the complaint, Plaintiff:

    a.  ☒ Relies on the complaint and attached documents.

    b.  ☒ Attaches the following documents to establish a *prima facie* case:

        (1)  ☒ Declaration of (*specify*): Jason M. Rund, Chapter 7 Trustee

        (2)  ☐ Declaration of (*specify*): _____

        (3)  ☐ Other (*specify*): _____

10. As further support for entry of a default judgment, Plaintiff submits a memorandum of points and authorities (optional).

11. **DECLARATION OF NON-MILITARY STATUS (**Servicemembers Civil Relief Act, 50 U.S.C. chapter 50 (§§ 3901-4043)).  The undersigned party or counsel declares under penalty of perjury, with respect to each Defendant against whom a default judgment is sought by this motion:

    a.  ☒ Defendant is not currently in military service.  The facts that support this statement are as follows (*see the court's website for information about how to verify non-military status*):

        See attached Declaration of Jason M. Rund regarding search of defendant on Servicemembers Civil Relief Act website.

    b.  ☐ Defendant is currently in military service.  The facts that support this statement are as follows (*if this box is checked, the plaintiff must attach a supplement to this motion addressing the requirements in 50 U.S.C. § 3931(b)(2) to appoint an attorney for the Defendant before entering a judgment*):

    c.  ☐ I am unable to determine whether or not Defendant is in military service.  The facts that support this statement are as follows (*if this box is checked, the plaintiff must attach a supplement to this motion addressing the bond requirement in 50 U.S.C. § 3931(b)(3)*):

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2017*                                Page 2                                **F 7055-1.2.DEFAULT.JMT.MOTION**

12.  Defaulting party is not an infant or incompetent party.

Plaintiff requests that this court enter a default judgment in favor of Plaintiff.  A copy of the lodged proposed default judgment is attached.

Date: __12/28/2021__

Respectfully submitted,

LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
Printed name of law firm


/s/ Timothy J. Yoo
Signature

TIMOTHY J. YOO
Name of Attorney for Plaintiff or Plaintiff

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

_December 2017_                                    Page 3                          **F 7055-1.2.DEFAULT.JMT.MOTION**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

The significant facts underlying this adversary proceeding are undisputed. Thomas Vincent Girardi, the debtor and defendant herein ("Debtor"), failed to comply with this Court's order; refused to be examined at the Section 341 meeting of creditors; withheld books, documents, records, and papers, relating to the Debtor's property or financial affairs; failed to explain satisfactorily the loss of assets or deficiency of assets to meet the Debtor's liabilities; and is subject to pending proceedings in which he may be found guilty of a felony. While there are numerous grounds to deny the Debtor's discharge, this Motion will focus on sections 727(a)(3) and 727(a)(5) of the Bankruptcy Code.

### II.

### STATEMENT OF FACTS

This case was initiated by the filing of an Involuntary Petition against the Debtor on December 18, 2020 (the "Petition Date"). The petitioning creditors filed an emergency motion for appointment of an interim trustee on December 24, 2020, which was granted by the Court on January 5, 2021. On January 6, 2021, Jason M. Rund was appointed as the Chapter 7 Trustee (the "Trustee or Plaintiff").

On January 13, 2021, the Order for Relief and Order to File Schedules, Statements and List(s) (the "Order for Relief") was entered in this case. The Order for Relief required the Debtor to file within seven days after entry of the order, a list containing the name and address of each entity included on Schedule D, E/F, G and H. The Order for Relief also required the Debtor to file within 14 days after entry of the order his schedules, statement, and Statement About Your Social Security Numbers (Official Form B121). The Debtor never complied with the Order for Relief. A true and correct copy of the Order for Relief is attached as Exhibit 1 to the Rund Decl.

The Notice of Chapter 7 Case was issued by the Court on January 14, 2021. The notice stated that the initial meeting of creditors under 11 U.S.C. § 341 (the "MOC") was scheduled for

February 19, 2021.  The Debtor failed to appear at the initial MOC and all of the subsequent MOC's.  A true and correct copy of the Notice of Chapter 7 Case is attached as <u>Exhibit 2</u> to the Rund Decl.

Because of the Debtor's failure to comply with the Order for Relief and his refusal to attend the MOC, the Trustee sought and obtained an extension to file a complaint objecting to the Debtor's discharge from April 20, 2021 to April 20, 2022.  A true and correct copy of the Order Granting Motion for Extension of Time for Filing Complaint Objecting to Discharge entered on April 28, 2021 is attached as <u>Exhibit 3</u> to the Rund Decl.

On January 19, 2021, the Debtor's brother Robert J. Girardi ("Robert") was appointed as the Temporary Conservator of the Debtor by the Superior Court of California, County of Los Angeles in Case No. 21STPB00413.  On June 9, 2021, Robert was confirmed as the Conservator of the Debtor.

Since the Petition Date, Robert has appeared in the bankruptcy case by (a) filing his Motion for Order Appointing Robert Girardi as Debtor's Guardian Ad Litem, (b) filing his Opposition to Motion of the Chapter 7 Trustee for Order Compelling Turnover of Real Property (the "Turnover Motion"), (c) entering into a stipulation to resolve the Turnover Motion, and (d) testifying at the August 30, 2021 MOC.

On October 29, 2021, the Trustee filed a "Complaint Against Debtor for Denial of Discharge" (the "Complaint"), commencing this adversary proceeding.  A true and correct copy of the Complaint is attached as <u>Exhibit 4</u> to the Rund Decl.  The Trustee served the summons and notice of status conference on the Debtor and Robert via U.S. Mail on November 3, 2021.  A true and correct copy of the summons and proof of service filed with the Court is attached as <u>Exhibit 5</u> to the Rund Decl.

Pursuant to the Summons, the Debtor's response to the Complaint was due on November 29, 2021.  The Debtor failed to file a response to the Complaint, and on November 30, 2021, the Court entered the Trustee's request for entry of default.  A true and correct copy of the Notice that Clerk Has Entered Default Against Defendant issued against the Debtor is attached as

Exhibit 6 to the Rund Decl.

## III.

## ARGUMENT

**A.    The Debtor's Discharge Should Be Denied Pursuant To 11 U.S.C. Section 727(a)(3)**

Section 727(a)(3) states, in pertinent part:

(a)      The court shall grant the debtor a discharge unless-

> (3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case…

11 U.S.C.  § 727(a)(3).    If the facts disclose an apparent breach of the debtor's duty to creditors to keep or preserve proper books or records and the debtor fails to establish facts and circumstances to justify the lack of records, a discharge should be denied.  Charles Edward & Assoc. v. England, 301 F.2d 572 (9th Cir. 1962); Rameson Brothers v. Goggin, 241 F.2d 271 (9th Cir. 1957).  The debtor's obligation to present records of financial information is intended to protect the trustee and creditors by enabling them to determine or confirm the debtor's financial condition and the cause of debtor's financial difficulty.  In re Pimpinella, 133 B.R. 694 (Bankr. E.D.N.Y. 1991); In re Shapiro, 59 B.R. 844 (Bankr. E.D.N.Y. 1986).

On or about March 10, 2020, the Debtor provided his financial statement (which he signed under penalty of perjury) to one or more lenders (the "2020 Financial Statement"). According to the 2020 Financial Statement, the Debtor owned within a year of the Petition Date (a) real properties totaling $89,090,000, (b) cash on hand of $116,602,147, (c) securities totaling $44,907,229, and (d) household items (including jewelry) worth $12,000,000.  A true and correct copy of the 2020 Financial Statement is attached as Exhibit 7 to the Rund Decl.

As discussed above, the Debtor failed to file Schedules and refused to attend the MOC. As such, the Trustee was forced to search the Debtor's residence and place of business and was unable to find books, documents, records and papers from which the assets listed on the 2020

Financial Statement can be located or recovered.  It is clear that the Debtor did not meet his

obligation to present a clear picture of his financial condition.  Plaintiff submits that the failure

and deficiencies of the Debtor to provide all of the recorded information as to the assets listed on

the 2020 Financial Statement from the outset and duration of this case must result in the denial of

his discharge pursuant to section 727(a)(3) of the Bankruptcy Code.

**B.**    **The Debtor's Discharge Should Be Denied Pursuant To 11 U.S.C. Section 727(a)(5)**

Section 727(a)(5) states, in pertinent part:

(a)    The court shall grant the debtor a discharge unless-

> (5) the debtor has failed to explain satisfactorily, before determination of denial of
> discharge under this paragraph, any loss of assets or deficiency of assets to meet
> the debtor's liabilities.

11 U.S.C.  § 727(a)(5).    This section is broad enough to include any unexplained disappearance

or shortage of assets.  In re Chalik, 748 F.2d 616 (11th Cir. 1984).  In the interpretation of this

section, many of the cases decided under section 727(a)(2), (3) and (4) will be helpful, since a

failure to account for assets is often an important element in the proof of a concealment of assets

from the bankruptcy court or a failure to keep books.  See Collier on Bankruptcy, Vol. 6, Section

727.08, at 727-44 (16th ed.).

The Debtor has not explained the loss of the assets listed on the 2020 Financial

Statement.  For example, it is undisputed that the Debtor withdrew a substantial amount of funds

from the bank accounts and brokerage account and quickly dissipated such funds prior to the

Petition Date without reasonable explanation.  The Debtor also did not explain what happened to

the $9,000,000 of jewelry.  Therefore, under these circumstances, denial of discharge is also

appropriate under section 727(a)(5) of the Bankruptcy Code.

/ / /

/ / /

/ / /

## III.

## <u>CONCLUSION</u>

In light of the foregoing, the Trustee respectfully requests that the Court enter a judgment that provides that the Debtor's discharge is denied under sections 727(a)(3) and/or (a)(5) of the Bankruptcy Code.

DATED: December 28, 2021

LEVENE, NEALE, BENDER,
YOO & GOLUBCHIK L.L.P.

By:   */s/ Timothy J. Yoo*
     TIMOTHY J. YOO
     CARMELA T. PAGAY
     Attorneys for Plaintiff
     Jason M. Rund, Chapter 7 Trustee

## DECLARATION OF JASON M. RUND

I, Jason M. Rund, declare as follows:

1.     I am the Chapter 7 Trustee for the bankruptcy estate of Thomas Vincent Girardi.  This Declaration is made in support of the foregoing "Plaintiff's Motion for Default Judgment Under LBR 7055-1" (the "Motion").  I have personal knowledge of the matters set forth herein and if called as a witness could and would testify competently thereto.  Unless the context indicates otherwise, capitalized terms herein shall have the meaning as defined in the Motion.

2.     This case was initiated by the filing of an Involuntary Petition against the Debtor on December 18, 2020 (the "Petition Date").  The petitioning creditors filed an emergency motion for appointment of an interim trustee on December 24, 2020, which was granted by the Court on January 5, 2021.  On January 6, 2021, I was appointed as the Chapter 7 trustee.

3.     On January 13, 2021, the Order for Relief and Order to File Schedules, Statements and List(s) (the "Order for Relief") was entered in this case.  The Order for Relief required the Debtor to file within seven days after entry of the order, a list containing the name and address of each entity included on Schedule D, E/F, G and H.  The Order for Relief also required the Debtor to file within 14 days after entry of the order his schedules, statement, and Statement About Your Social Security Numbers (Official Form B121).  The Debtor never complied with the Order for Relief.  A true and correct copy of the Order for Relief is attached as Exhibit 1 and is incorporated herein by reference.

4.     The Notice of Chapter 7 Case was issued by the Court on January 14, 2021.  The notice stated that the initial meeting of creditors under 11 U.S.C. § 341 (the "MOC") was scheduled for February 19, 2021.  The Debtor failed to appear at the initial MOC and all of the subsequent MOC's.  A true and correct copy of the Notice of Chapter 7 Case is attached as Exhibit 2 and is incorporated herein by reference.

5.     Because of the Debtor's failure to comply with the Order for Relief and his refusal to attend the MOC, I sought and obtained an extension to file a complaint objecting to the

Debtor's discharge from April 20, 2021 to April 20, 2022.  A true and correct copy of the Order

Granting Motion for Extension of Time for Filing Complaint Objecting to Discharge entered on

April 28, 2021 is attached as Exhibit 3 and is incorporated herein by reference.

6.      On January 19, 2021, the Debtor's brother Robert J. Girardi ("Robert") was

appointed as the Temporary Conservator of the Debtor by the Superior Court of California,

County of Los Angeles in Case No. 21STPB00413.  On June 9, 2021, Robert was confirmed as

the Conservator of the Debtor.  Since the Petition Date, Robert has appeared in the bankruptcy

case by (a) filing his Motion for Order Appointing Robert Girardi as Debtor's Guardian Ad

Litem, (b) filing his Opposition to Motion of the Chapter 7 Trustee for Order Compelling

Turnover of Real Property (the "Turnover Motion"), (c) entering into a stipulation to resolve the

Turnover Motion, and (d) testifying at the August 30, 2021 MOC.

7.      On October 29, 2021, I filed a "Complaint Against Debtor for Denial of

Discharge" (the "Complaint"), commencing this adversary proceeding.  A true and correct copy

of the Complaint is attached as Exhibit 4 and is incorporated herein by reference.

8.      I cause to be served the summons and notice of status conference on the Debtor

and Robert via U.S. Mail on November 3, 2021.  A true and correct copy of the summons and

proof of service filed with the Court is attached as Exhibit 5 and is incorporated herein by

reference.

9.      Pursuant to the summons, the Debtor's response to the Complaint was due on

November 29, 2021.  The Debtor failed to file a response to the Complaint, and on November

30, 2021, the Court entered the request for entry of default.  A true and correct copy of the

Notice that Clerk Has Entered Default Against Defendant issued against the Debtor is attached as

Exhibit 6 and is incorporated herein by reference.

10.     Commencing in January of 2021, my counsel and I have reviewed the Debtor's

documents located at 1122 and 1126 Wilshire Blvd., Los Angeles, California, and 100 Los Altos

Drive, Pasadena, California.  One of the documents found was the Debtor's financial statement

dated March 10, 2020 (the "2020 Financial Statement").  The 2020 Financial Statement was

signed under penalty of perjury by the Debtor and was attached to letters to lender of Girardi Keese.  According to the 2020 Financial Statement, the Debtor owned within a year of the Petition Date (a) real properties totaling $89,090,000, (b) cash on hand of $116,602,147, (c) securities totaling $44,907,229, and (d) household items (including jewelry) worth $12,000,000. A true and correct copy of the 2020 Financial Statement is attached as <u>Exhibit 7</u> and is incorporated herein by reference.

11.      I obtained statements directly from the Debtor's banks and brokerages listed on the 2020 Financial Statement.  When I compare these statements to the balances listed on the 2020 Financial Statement, it is undisputed that the Debtor withdrew a substantial amount of funds from the bank accounts and brokerage account and quickly dissipated such funds prior to the Petition Date without reasonable explanation.  The Debtor also did not explain what happened to the $9,000,000 of jewelry.   During my search of the Debtor's premises, I was unable to find books, documents, records and papers from which the assets listed on the 2020 Financial Statement can be located or recovered.

12.      The Debtor is not currently on active military duty.  A true and correct copy of the Status Report Pursuant to Servicemembers Civil Relief Act is attached as <u>Exhibit 8</u> and is incorporated herein by reference.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on December 28, 2021, at El Segundo, California.

JASON M. RUND

# EXHIBIT "1"

Form ofri−(orlf7,orlf11,iors) VAN−93
Rev. 12/2015

# United States Bankruptcy Court
## Central District of California

**255 East Temple Street, Los Angeles, CA 90012**

## ORDER FOR RELIEF AND ORDER TO FILE SCHEDULES, STATEMENTS AND LIST(S)

**DEBTOR(S) INFORMATION:**

Thomas Vincent Girardi
aka Tom Girardi, dba Girardi Keese
**SSN:** xxx−xx−0000
**EIN:** N/A

1126 Wilshire Boulevard
Los Angeles, CA 90017

**BANKRUPTCY NO.**  2:20−bk−21020−BR
**CHAPTER**  7

Order/Notice to the parties in interest:

An involuntary Chapter 7 petition having been filed against the above−named debtor on December 18, 2020

☐    Debtor consented to the entry of an order of relief.

☐    No pleading or other defense to the petition having been filed within 21 days after service of the summons (or within any longer period of time precribed by the Court), an Order for Relief is hereby issued against the debtor.

Debtor is ordered to file within **seven** days after entry of this order for relief, a list containing the name and address of each entity included on Schedule D, E/F, G, and H as prescribed by the Official Forms (Federal Rule of Bankruptcy Procedure 1007 (a)(2)).

Debtor is also ordered to file schedules, statement and Statement About Your Social Security Numbers (Official Form B121) referred to in Federal Rule of Bankruptcy Procedure 1007(a),(c) and (f) within 14 days after entry of this Order For Relief.

Dated: January 13, 2021

For The Court,

**Kathleen J. Campbell**
Clerk of Court

# EXHIBIT "2"

## Information to identify the case:

| | | | |
|---|---|---|---|
| Debtor 1 | **Thomas Vincent Girardi** | Social Security number or ITIN | **xxx–xx–0000** |
| | First Name    Middle Name    Last Name | EIN | _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name    Middle Name    Last Name | Social Security number or ITIN | _ _ _ _ |
| | | EIN | _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | **Central District of California** | | |
| Case number: | **2:20–bk–21020–BR** | Date case filed for chapter **7**  **12/18/20** | |

## Official Form 309A (For Individuals or Joint Debtors)
## Notice of Chapter 7 Bankruptcy Case –– No Proof of Claim Deadline    10/20

For the debtors listed above, a case has been filed under chapter 7 of the Bankruptcy Code. An order for relief has been entered.

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read all pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors or the debtors' property. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

The debtors are seeking a discharge. Creditors who assert that the debtors are not entitled to a discharge of any debts or who want to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadlines specified in this notice. (See line 9 for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at https://pacer.uscourts.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.**

**Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

| | | About Debtor 1: | | About Debtor 2: |
|---|---|---|---|---|
| 1. | **Debtor's full name** | Thomas Vincent Girardi | | |
| 2. | **All other names used in the last 8 years** | aka Tom Girardi, dba Girardi Keese | | |
| 3. | **Address** | 1126 Wilshire Boulevard Los Angeles, CA 90017 | | |
| 4. | **Debtor's attorney** Name and address | Thomas Vincent Girardi 1126 Wilshire Boulevard Los Angeles, CA 90017 | | Contact phone _____ Email _____ |
| 5. | **Bankruptcy trustee** Name and address | Jason M Rund (TR) Sheridan & Rund 840 Apollo Street, Suite 351 El Segundo, CA 90245 | | Contact phone (310) 640–1200 Email _____ |

**65/SF**

**For more information, see pages 2 and 3 >**

Debtor **Thomas Vincent Girardi**                                        Case number **2:20–bk–21020–BR**

| | | |
|---|---|---|
| **6. Bankruptcy clerk's office**<br><br>Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at https://pacer.uscourts.gov. | 255 East Temple Street,<br>Los Angeles, CA 90012 | Hours Open:  9:00 AM – 4:00 PM<br><br>Contact phone 855–460–9641<br><br>Dated: 1/14/21 |
| **7. Meeting of creditors**<br><br>Debtors must attend the meeting to be questioned under oath by the trustee and by creditors. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. | **February 19, 2021 at 01:00 PM**<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket.<br><br>The trustee is designated to preside at the meeting of creditors. The case is covered by the chapter 7 blanket bond on file with the court. | Location:<br><br>**TELEPHONIC MEETING, FOR INSTRUCTIONS, CONTACT THE TRUSTEE** |
| **8. Presumption of abuse**<br><br>If the presumption of abuse arises, you may have the right to file a motion to dismiss the case under 11 U.S.C. § 707(b). Debtors may rebut the presumption by showing special circumstances. | The presumption of abuse does not arise. | |
| **9. Deadlines**<br><br>The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **File by the deadline to object to discharge or to challenge whether certain debts are dischargeable:**<br><br>**You must file a complaint:**<br>• if you assert that the debtor is not entitled to receive a discharge of any debts under any of the subdivisions of 11 U.S.C. § 727(a)(2) through (7), or<br>• if you want to have a debt excepted from discharge under 11 U.S.C § 523(a)(2), (4), or (6).<br><br>**You must file a motion:**<br>• if you assert that the discharge should be denied under § 727(a)(8) or (9). | **Filing deadline: 4/20/21** |
| | **Deadline to object to exemptions:**<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline:** 30 days after the *conclusion* of the meeting of creditors |
| **10. Proof of claim**<br><br>Please do not file a proof of claim unless you receive a notice to do so. | No property appears to be available to pay creditors. Therefore, please do not file a proof of claim now. If it later appears that assets are available to pay creditors, the clerk will send you another notice telling you that you may file a proof of claim and stating the deadline. | |
| **11. Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |
| **12. Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at https://pacer.uscourts.gov. If you believe that the law does not authorize an exemption that the debtors claim, you may file an objection. The bankruptcy clerk's office must receive the objection by the deadline to object to exemptions in line 9. |

**For more information, see pages 1 and 3 >**

Official Form 309A (For Individuals or Joint Debtors) **Notice of Chapter 7 Bankruptcy Case –– No Proof of Claim Deadline**                              page 2

Debtor **Thomas Vincent Girardi**

Case number **2:20-bk-21020-BR**

| | |
|---|---|
| **13. Proof of Debtor Identification (ID) and Proof of Social Security Number(SSN)** | The U.S. Trustee requires that individual debtors must provide to the trustee at the meeting of creditors an original picture ID and proof of SSN. Failure to do so may result in the U.S. Trustee bringing a motion to dismiss the case. Permissible forms of ID include a valid state driver's license, government or state–issued picture ID, student ID, military ID, U.S. Passport or legal resident alien card. Proof of SSN includes Social Security Card, current W–2 form, pay stub, payment advice, IRS Form 1099, Social Security Administration Report, or other official document which indicates name and SSN. |
| **14. Failure to File a Statement and/or Schedule(s)** | **IF THE DEBTOR HAS NOT FILED A STATEMENT AND/OR SCHEDULE(S) AND/OR OTHER REQUIRED DOCUMENTS,** the debtor must do so, or obtain an extension of time to do so, within 14 days of the petition filing date. Failure to comply with this requirement, or failure to appear at the initial section 341(a) meeting of creditors and any continuance, may result in dismissal of the case, unless leave of court is first obtained. If the debtor's case has not already been dismissed, AND DEBTOR FAILS TO DO ONE OF THE FOLLOWING WITHIN 45 DAYS AFTER THE PETITION DATE, subject to the provisions of Bankruptcy Code section 521(i)(4), the court WILL dismiss the case effective on the 46th day after the petition date without further notice: (1) file all documents required by Bankruptcy Code section 521(a)(1); or (2) file and serve a motion for an order extending the time to file the documents required by this section. |
| | **SI EL DEUDOR NO HA PRESENTADO UNA DECLARACIÓN Y/O LISTA(S) DE ACREEDORES Y/U OTROS DOCUMENTOS REQUERIDOS,** tendrá que hacerlo dentro de un plazo de 14 días a partir de la fecha de presentación de la petición o tendrá que obtener una extensión del plazo para hacerlo. Si no cumple usted este requisito, o si no comparece a la junta 341(a) inicial de acreedores o a cualquier aplazamiento, esto resultará en que se declare sin lugar el caso, a menos de que obtenga un permiso del tribunal. Si no se ha declarado sin lugar el caso del acreedor, Y EL ACREEDOR NO HACE UNA DE LAS SIGUIENTES COSAS DENTRO DE UN PLAZO DE 45 DÍAS A PARTIR DE LA FECHA DE LA PETICIÓN, de acuerdo con lo dispuesto en la sección 521(i)(4) del Código de Quiebras, el juez DECLARARÁ el caso sin lugar a partir de la 46o día después de la fecha de presentación de petición sin más notificación: (1) registrar en actas todos los documentos que requiere la sección 521(a)(1) del Código de Quiebras; o (2) registrar y hacer entrega formal de una moción para pedir una orden que extienda el tiempo en que se pueden registrar en actas los documentos que requiere dicha sección. |
| **15. Bankruptcy Fraud and Abuse** | Any questions or information relating to bankruptcy fraud or abuse should be addressed to the Fraud Complaint Coordinator, Office of the United States Trustee, 915 Wilshire Blvd., Suite 1850, Los Angeles, CA 90017. |

**For more information, see pages 1 and 2 >**

**EXHIBIT "3"**

TIMOTHY J. YOO (SBN 155531)
tjy@lnbyb.com
CARMELA T. PAGAY (SBN 195603)
ctp@lnbyb.com
LEVENE, NEALE, BENDER, YOO &
BRILL L.L.P.
10250 Constellation Boulevard, Ste. 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244

Attorneys for Jason M. Rund
Chapter 7 Trustee

**FILED & ENTERED**

**APR 28 2021**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY fortier     DEPUTY CLERK

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| In re | Case No. 2:20-bk-21020-BR |
|---|---|
| THOMAS VINCENT GIRARDI, | Chapter 7 |
| Debtor. | **ORDER GRANTING MOTION FOR EXTENSION OF TIME FOR FILING COMPLAINT OBJECTING TO DISCHARGE (11 U.S.C. § 727** |
| | [No Hearing Required] |

The Court, having considered the "Notice of Motion and Motion for Extension of Time for Filing Complaint Objecting to Discharge (11 U.S.C. § 727)" (the "Motion") filed by Jason M. Rund, the Chapter 7 Trustee ("Trustee") for the bankruptcy estate of Thomas Vincent Girardi (the "Debtor"), pursuant to Rule 4004(b) of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 9013-1(o)(1), the memorandum of points and authorities and declaration filed therewith, and the declaration of the Trustee's counsel certifying that no

1

1 │ response and request for hearing concerning the Motion was timely filed [Doc 179], and good

2 │ cause appearing,

3 │ **IT IS HEREBY ORDERED THAT:**

4 │ 1.       The Motion is granted in its entirety.

5 │ 2.       The time for the Trustee, the Office of the United States Trustee, and all creditors

6 │ to file a complaint objecting to the Debtor's discharge under section 727 of the Bankruptcy

7 │ Code is extended from April 20, 2021 to and including April 20, 2022.

8 │ **IT IS SO ORDERED.**

9 │                                        # # #

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

Date: April 28, 2021

25                                        _____

26                                        Barry Russell
                                          United States Bankruptcy Judge

27

28

                                          2

**EXHIBIT "4"**

TIMOTHY J. YOO (State Bar No. 155531)
tjy@lnbyg.com
CARMELA T. PAGAY (State Bar No. 195603)
ctp@lnbyg.com
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244

Attorneys for Plaintiff
Jason M. Rund, Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:20-bk-21020-BR |
| THOMAS VINCENT GIRARDI, | Chapter 7 |
| Debtor. | Adv. No. |
| | **COMPLAINT AGAINST DEBTOR FOR DENIAL OF DISCHARGE** |
| JASON M. RUND, Chapter 7 Trustee, | **[11 U.S.C. § 727]** |
| Plaintiff, | |
| v. | Date:  [TO BE SET BY SUMMONS] |
| THOMAS VINCENT GIRARDI, | Time: |
| | Place: Courtroom 1668 |
| Defendant. | Roybal Federal Building |
| | 255 E. Temple Street |
| | Los Angeles, CA |

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE:**

Plaintiff Jason M. Rund, Chapter 7 Trustee (the "Plaintiff") for the bankruptcy estate of *In re Thomas Vincent Girardi* avers and complains, by way of this Complaint, as follows:

## REQUIRED PLEADING DISCLOSURE

1. In accordance with the requirements of Local Bankruptcy Rule 7008-1, the Trustee hereby alleges that the claims for relief in this complaint constitute core proceedings under 28 U.S.C. § 157(b)(2)(A) and (J) and are related to the Debtor's bankruptcy case because the outcome of such claims for relief could have a significant effect on the estate. Regardless of the core or non-core nature of the claims for relief asserted herein, the Trustee consents to the entry of final orders and judgment by the Bankruptcy Court to the maximum extent permitted by applicable law. Defendant Thomas Vincent Girardi is hereby notified that Federal Rules of Bankruptcy Procedure ("FRBP") 7008 and 7012(b) require the defendant to plead whether each claim for relief asserted against the defendant is core or non-core and, if non-core, whether consent is given to the entry of final orders and judgment by the Bankruptcy Court.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334.

3. This adversary proceeding is brought pursuant to Rule 7001, *et seq.* of the FRBP and 11 U.S.C. § 727 and Local Rules and Orders of the United States District Court for the Central District of California governing the reference and conduct of proceedings arising under or related to cases under Title 11 of the United States Code, including General Order No. 13-05, dated July 1, 2013.

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1409 as this adversary proceeding arises under and in connection with <u>In re Thomas Vincent Girardi</u>, a chapter 7 bankruptcy case pending in the United States Bankruptcy Court, Central District, Los Angeles Division as Case No. 2:20-bk-21020-BR (the "Bankruptcy Case").

/ / /

/ / /

2

**GENERAL ALLEGATIONS**

5.      The Bankruptcy Case was initiated by the filing of an Involuntary Petition against Thomas Vincent Girardi ("Debtor") on December 18, 2020 (the "Petition Date"). The petitioning creditors filed an emergency motion for appointment of an interim trustee on December 24, 2020, which was granted by the Court on January 5, 2021.  On January 6, 2021, the United States Trustee appointed Jason M. Rund as the Chapter 7 Trustee.

6.      On January 13, 2021, the Order for Relief and Order to File Schedules, Statements and List(s) (the "Order for Relief") was entered in this case.  The Order for Relief required the Debtor to file within seven days after entry of the order, a list containing the name and address of each entity included on Schedule D, E/F, G and H.  The Order for Relief also required the Debtor to file within 14 days after entry of the order his schedules, statement, and Statement About Your Social Security Numbers (Official Form B121).

7.      The Notice of Chapter 7 Case was issued by the Court on January 14, 2021.  The notice stated that the initial meeting of creditors under 11 U.S.C. § 341 (the "MOC") was scheduled for February 19, 2021.  The Debtor failed to appear at the initial MOC and all of the subsequent MOC's.

8.      On January 19, 2021, the Debtor's brother Robert J. Girardi ("Robert") was appointed as the Temporary Conservator of the Debtor by the Superior Court of California, County of Los Angeles in Case No. 21STPB00413.  On June 9, 2021, Robert was confirmed as the Conservator of the Debtor.

9.      Since the Petition Date, Robert has appeared in the Bankruptcy Case by (a) filing his Motion for Order Appointing Robert Girardi as Debtor's Guardian Ad Litem, (b) filing his Opposition to Motion of the Chapter 7 Trustee for Order Compelling turnover of Real Property (the "Turnover Motion"), (c) entering into a stipulation to resolve the Turnover Motion, and (d) testifying at the August 30, 2021 MOC.

///

///

///

3

**FIRST CLAIM FOR RELIEF**

**(For Denial of Discharge – 11 U.S.C. § 727(a)(2)(A))**

10.  Plaintiff realleges and incorporates herein by this reference the foregoing paragraphs 1 through 9 of this Complaint as if set forth in full herein.

11.  On or about March 10, 2020, the Debtor provided his financial statement (which the Debtor signed under penalty of perjury) to one or more lenders (the "2020 Financial Statement").  According to the 2020 Financial Statement, the Debtor owned within a year of the Petition Date (a) real properties totaling $89,090,000, (b) cash on hand of $116,602,147, (c) securities totaling $44,907,229, and (d) household items (including jewelry) worth $12,000,000.

12.  Plaintiff has thoroughly investigated the financial affairs of the Debtor, and many of the items listed on the 2020 Financial Statement cannot be found or located. As such, Plaintiff is informed and believes, and based thereon alleges that the Debtor, with the intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under the Bankruptcy Code, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed property of the Debtor within one year before the Petition Date.

13.  The Debtor's discharge should be denied under 11 U.S.C. § 727(a)(2)(A).

**SECOND CLAIM FOR RELIEF**

**(For Denial of Discharge – 11 U.S.C. § 727(a)(3)**

14.  Plaintiff realleges and incorporates herein by this reference the foregoing paragraphs 1 through 13 of this Complaint as if set forth in full herein.

15.  Plaintiff has reviewed the documents located at the Debtor's residence and place of business and was unable to find books, documents, records and papers from which the assets listed on the 2020 Financial Statement can be located or recovered.  As such, Plaintiff is informed and believes, and based thereon alleges that the Debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the Debtor's financial condition or business transactions might

be ascertained, and such act of act or failure to act was not justified under all of the circumstances of this case.

16.     The Debtor's discharge should be denied under 11 U.S.C. § 727(a)(3).

**THIRD CLAIM FOR RELIEF**

**(For Denial of Discharge – 11 U.S.C. § 727(a)(4)(D))**

17.     Plaintiff realleges and incorporates herein by this reference the foregoing paragraphs 1 through 16 of this Complaint as if set forth in full herein.

18.     Plaintiff is informed and believes, and based thereon alleges that the Debtor has knowingly and fraudulently withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the Debtor's property or financial affairs by failing to produce the documents requested by the Trustee.

19.     The Debtor's discharge should be denied under 11 U.S.C. § 727(a)(4)(D).

**FOURTH CLAIM FOR RELIEF**

**(For Denial of Discharge – 11 U.S.C. § 727(a)(5))**

20.     Plaintiff realleges and incorporates herein by this reference the foregoing paragraphs 1 through 19 of this Complaint as if set forth in full herein.

21.     Plaintiff is informed and believes, and based thereon alleges that the Debtor has failed to explain satisfactorily, before determination of denial of discharge, any loss of assets (*i.e.*, assets listed on the 2020 Financial Statement) or deficiency of assets to meet the Debtor's liabilities.

22.     The Debtor's discharge should be denied under 11 U.S.C. § 727(a)(5).

**FIFTH CLAIM FOR RELIEF**

**(For Denial of Discharge – 11 U.S.C. § 727(a)(6)(A))**

23.     Plaintiff realleges and incorporates herein by this reference the foregoing paragraphs 1 through 22 of this Complaint as if set forth in full herein.

24.     The Debtor has refused to obey a lawful order of the Court by failing to comply with the filing requirements imposed by the Order for Relief.

25.     The Debtor's discharge should be denied under 11 U.S.C. § 727(a)(6)(A).

**<u>SIXTH CLAIM FOR RELIEF</u>**

**(For Denial of Discharge – 11 U.S.C. § 727(a)(12)(B))**

26.     Plaintiff realleges and incorporates herein by this reference the foregoing paragraphs 1 through 25 of this Complaint as if set forth in full herein.

27.     On December 2, 2020, Edelson PC filed an action against the Debtor, among other persons and entities, seeking to recover client settlement funds owed to clients that Edelson PC and Girardi Keese had jointly represented in the *Lion Air* litigation (the "Edelson Action").  The complaint alleges that the Debtor has for years embezzled from clients and taken on debt to fund a lavish lifestyle.  The Edelson Action is pending before the United States District Court for the Northern District of Illinois as Case No. 1:20-cv-07115.

28.     On March 30, 2021, the State Bar of California filed disciplinary charges against the Debtor for, among other things, failure to maintain funds in trust account, misappropriation, failure to cooperate in State Bar investigation, and misrepresentation, commencing Case No. SBC-21-O-30192 (the "State Bar Action").  On October 21, 2021, the State Bar entered its Order Entering Default and Order Enrolling Inactive against the Debtor.

29.     On April 20, 2021, Christina Fulton filed a complaint for non-dischargeability of debt pursuant to 11 U.S.C. § 523 before this Court as Adv. No. 2:21-ap-01072-BR (the "Fulton Action").  The Fulton Action alleges that the Debtor committed fraud or defalcation while acting in a fiduciary capacity, embezzlement, larceny and willful and malicious injury.  On August 11, 2021, this Court entered a default of the Debtor.

30.     On April 20, 2021, Jamie Ruigomez, Kathleen Ruigomez and Joseph Ruigomez filed a complaint for non-dischargeability of debt pursuant to 11 U.S.C. § 523 before this Court as Adv. No. 2:21-ap-01074-BR (the "Ruigomez Action").  The Ruigomez Action alleges that the Debtor, among other things, committed embezzlement and defalcation while acting in a fiduciary capacity.  On October 21, 2021, this Court entered a Default Judgment against the Debtor under section 523(a)(2)(A), (a)(4) and (a)(6).

6

31.     Plaintiff is informed and believes, and based thereon alleges that there are several pending proceedings, including the Edelson Action, State Bar Action, Fulton Action and the Ruigomez Action, in which the Debtor has and will be found liable for a debt of the kind described in section 522(q)(1)(B) of the Bankruptcy Code (*i.e.*, fraud, deceit, or manipulation in a fiduciary capacity).

32.     The Debtor's discharge should be denied under 11 U.S.C. § 727(a)(12)(B).

**WHEREFORE,** Plaintiff prays for relief as follows:

1.     For judgment denying the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(2)(A);

2.     For judgment denying the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(3);

3.     For judgment denying the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(4)(D);

4.     For judgment denying the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(5);

5.     For judgment denying the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(6)(A);

6.     For judgment denying the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(12)(B); and

7.     For such other and further relief as the Court deems just and proper.

DATED: October 29, 2021                LEVENE, NEALE, BENDER, YOO &
                                       BRILL L.L.P.


                                       By:  ___*/s/ Timothy J. Yoo*_____
                                            TIMOTHY J. YOO
                                            CARMELA T. PAGAY
                                            Attorneys for Plaintiff
                                            Jason M. Rund, Chapter 7 Trustee

7

# EXHIBIT "5"

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Carmela Pagay<br>Levene Neale Bender Yoo & Golubchik LLP<br>2818 La Cienega Avenue<br>Los Angeles, CA 90034<br><br>310–229–1234<br><br><br><br><br><br>*Plaintiff or Attorney for Plaintiff* | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES

| In re:<br><br><br>Thomas Vincent Girardi<br><br><br><br>Debtor(s). | CASE NO.: 2:20–bk–21020–BR<br><br>CHAPTER: 7<br><br><br>ADVERSARY NUMBER: 2:21–ap–01216–BR |
|---|---|
| Jason M. Rund<br><br><br>Plaintiff(s)<br><br>Versus<br><br>Thomas Vincent Girardi<br><br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004–1]** |

TO THE DEFENDANT(S): A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left–hand corner of this page. The deadline to file and serve a written response is **11/29/2021.** If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| | |
|---|---|
| **Date:** | **December 14, 2021** |
| **Time:** | **02:00 PM** |
| **Hearing Judge:** | **Barry Russell** |
| **Location:** | **255 E Temple St., Crtrm 1668, Los Angeles, CA 90012** |

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

Case 2:21-ap-01216-BR    Doc 2-1    Filed 10/29/21    Entered 10/29/21 15:41:18    Desc
AP-Summons    Page 2 of 3

**You must comply with LBR 7016–1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court–approved joint status report form is available on the court's website (LBR form F 7016–1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016–1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**


**KATHLEEN J. CAMPBELL**
**CLERK OF COURT**


Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: <u>October 29, 2021</u>


By: <u>    "s/" Stacey Fortier    </u>

Deputy Clerk



---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is 2818 La Cienega Avenue, Los Angeles, CA 90034.

A true and correct copy of the will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing documents

**1. Summons and Notice of Status Conference in Adversary Proceeding;**
**2. Complaint Against Debtor for Denial Of Discharge; and**
**3. Notice of Hon. Barry Russell re Continuances, Settlements and Sanctions**

 will be served by the court via NEF and hyperlink to the document. On **November 3, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Carmela Pagay on behalf of Plaintiff Jason M. Rund
ctp@lnbyg.com

Jason M Rund (TR)
trustee@srlawyers.com, jrund@ecf.axosfs.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Timothy J Yoo on behalf of Plaintiff Jason M. Rund
tjy@lnbyb.com

☐ *Service information continued on attached page*

**2.  SERVED BY UNITED STATES MAIL**: On **November 3, 2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| | | |
|---|---|---|
| Thomas Vincent Girardi<br>Belmont Village Senior Living<br>455 East Angeleno Avenue<br>Burbank, CA 91501 | Thomas Vincent Girardi<br>100 N. Los Altos Drive<br>Pasadena, CA 91105 | Robert J. Girardi<br>3662 Aquarius Drive<br>Huntington Beach, CA 92649 |
| Robert J. Girardi<br>c/o Leonard Pena<br>Pena & Soma, APC<br>402 South Marengo Avenue,<br>Suite B<br>Pasadena, CA 91101 | Robert J. Girardi<br>c/o Nicholas Van Brunt<br>Sheppard Mullin Richter & Hampton<br>1901 Avenue of the Stars, Suite 1600<br>Los Angeles, CA | |

☐ *Service information continued on attached page*

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, **November 3, 2021**, I served the following persons and/or entities by personal delivery, overnight mail

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                      **F 9013-3.1.PROOF.SERVICE**

1    service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

2

☐ *Service information continued on attached page*

3

4    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

5    November 3, 2021        John Berwick                    */s/ John Berwick*
     *Date*                 *Type Name*                     *Signature*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                    **F 9013-3.1.PROOF.SERVICE**

# EXHIBIT "6"

# United States Bankruptcy Court
## Central District of California

**255 East Temple Street, Los Angeles, CA 90012**

| In re:<br>Thomas Vincent Girardi<br><br>Debtor(s). | BANKRUPTCY CASE NO.:  2:20–bk–21020–BR<br><br>CHAPTER NO.:  7 |
|---|---|
| Jason M. Rund<br><br>Plaintiff(s)<br>Versus<br>Thomas Vincent Girardi<br><br>Defendant(s) | ADVERSARY NO.:  2:21–ap–01216–BR |

# NOTICE THAT CLERK HAS ENTERED DEFAULT AGAINST DEFENDANT(S) UNDER LOCAL BANKRUPTCY RULE 7055–1(a)

On 11/30/2021, a request was filed for the clerk to enter default against defendant(s) **Thomas Vincent Girardi**.

 Having reviewed the request, the clerk hereby enters default as requested.

For the Court,

**KATHLEEN J. CAMPBELL, CLERK OF COURT**

Dated: November 30, 2021

**By: Stacey Fortier**
  **Deputy Clerk**

(Form van192–nched VAN–192) Rev. 12/2014                    **9 – 7 / SF**

# EXHIBIT "7"

## FINANCIAL STATEMENT - Thomas Girardi
### March 10, 2020

*ASSETS*

Real Estate

| | |
|---|---|
| 100 Los Altos, Pasadena, CA (see Note 1) | $16,500,000 |
| 1126 Wilshire Blvd. - (see Note 2) | 6,350,000 |
| 1122 Wilshire Blvd.- (see Note 3) | 7,200,000 |
| 1138 Wilshire Blvd. & 1150 Wilshire Blvd. Land and Condo Project (see Note 4) | 29,940,000 |
| PacTen Partners – 45% interest (see Note 5) Based on investment for Temecula | 28,000,000 |
| PGA West Property @ 81-775 Brown Deer | 1,100,000 |
| Total Real Property | $ 89,090,000 |

Cash on Hand

| | |
|---|---|
| Girardi\|Keese – Comerica #■■■■ (Proceeds of Malibu Home Sale) | 5,000,000 |
| Receivables from Girardi\|Keese Costs Advanced | 99,483,459 |
| Preferred Bank #■■■ | 57,173 |
| City National Bank #■■■■ | 62,215 |
| City National Bank | 5,000,000 |
| Nano Banc #■■■■ | 1,000,000 |
| Total Cash on Hand | $116,602,147 |

| | |
|---|---|
| Loan to Law Firm | $ 51,041,920 |
| Value in Girardi\|Keese  (See Note 6) | $100,000,000 |

1

Listed Securities
Various listed securities:  Wells Fargo                           $       507,229
Repligen Common Stocks (766,515 shares)         $ 42,350,000
Escrow Funds to be paid to Tom from Repligen          1,800,000
Global Financial Systems LLC                                    250,000
                                                                                   $ 44,907,229

Airplane Interests  (See Note 7)
King Air 350                                                                        $  14,000,000
Gulf Stream IV – equity & loan are approx. equal

Other Assets
Household furniture, art, antiques (at cost)          3,000,000
Jewelry (at cost)                                               9,000,000
                                                                                   $  12,000,000

                                                      **TOTAL ASSETS**        **$427,641,996**

*LIABILITIES*

Mortgages  1138 Wilshire Blvd.                         $ 7,460,000
Morgan Stanley Credit Line                               20,421,000

                                                      **TOTAL LIABILITIES**   **$  21,942,000**

                                    **NET ASSETS OVER LIABILITIES**   **$ 405,699,996**

I declare under penalty of perjury that this financial statement is true and correct.

Date:  March 10, 2020              _____
                                                          THOMAS V. GIRARDI

2

# NOTES

### Note 1- Los Altos Property

The Los Altos property sits on five acres overlooking the Rose Bowl in Pasadena. The architect was on of the most famous in the United States, Myron Hunt. He also designed the Rose Bowl and the Wrigley House. The grounds were designed by Green & Green who also designed Central Park. The home and the grounds were totally restored approximately three years ago. Documents from the 1920's permitted the home to be restored the way it was designed. Several months ago, it was featured in the *Robb Report* of luxury homes. Unsolicited cash offer $13,500,000. There was a recent appraisal which listed the house at $14,500,000. We heard that has been upgraded to $16,500,000.00 due to recent sales in the area.

### Note 2 – 1126 Wilshire Boulevard

Appraisal dated July 29, 2019

### Note 3 – 1122 Wilshire Boulevard

Appraisal dated July 29, 2019

### Note 4 – 1138 Wilshire Boulevard & 1150 Wilshire Boulevard Condo Project

Land:     $16,100,000 (Appraised)
Condos:   $13,840,000 (JLL Projection)
          $29,940,000

### Note 5 – PacTen Partners

A 45% interest in 50 acres which have now been approved for a Walmart. It is adjacent to property owned by Kaiser for building the largest hospital in the U.S.

### Note 6 – Value in Girardi| Keese

To make sure the financial statement is very conservative, we have not listed a value. I am 100% owner of the law firm. The law firm has a gross recovery of $40 million to $50 million per year. Clearly, the value of this asset would be $100 million, but since that is somewhat speculative, we are not listing it.

### Note 7 – Airplane Interests

Evaluation for both planes is $14 million.

3

**EXHIBIT "8"**

Case 2:21-ap-01216-BR   Doc 12   Filed 12/28/21   Entered 12/28/21 13:26:26   Desc
Department of Defense Manpower Data Center   Main Document   Page 41 of 43   Results as of : Dec-22-2021 06:20:25 PM

SCRA 5.11



## Status Report
## Pursuant to Servicemembers Civil Relief Act

SSN:             XXX-XX-5951

Birth Date:

Last Name:       GIRARDI

First Name:      THOMAS

Middle Name:

Status As Of:    Dec-22-2021

Certificate ID:  CPWBD6JJ13NXY4W

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard).  This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

*Michael V. Sorrento*

Michael V. Sorrento, Director
Department of Defense - Manpower Data Center
400 Gigling Rd.
Seaside, CA  93955

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. § 3901 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service. Service contact information can be found on the SCRA website's FAQ page (Q35) via this URL: https://scra.dmdc.osd.mil/scra/#/faqs. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. § 3921(c).

This response reflects the following information:  (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days  preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1).  Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available.  In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds.  All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support.  This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs).  Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate.  SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction.  The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING:  This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester.  Providing erroneous information will cause an erroneous certificate to be provided.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document **PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT UNDER LBR 7055-1** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **December 28, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Carmela Pagay    ctp@lnbyg.com**
- **Ronald N Richards    ron@ronaldrichards.com, morani@ronaldrichards.com**
- **Jason M Rund (TR)    trustee@srlawyers.com, jrund@ecf.axosfs.com**
- **United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov**
- **Timothy J Yoo    tjy@lnbyb.com**

**2.  SERVED BY UNITED STATES MAIL**: On **December 28, 2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| | | |
|---|---|---|
| Thomas Vincent Girardi<br>Belmont Village Senior Living<br>455 East Angeleno Avenue<br>Burbank, CA 91501 | Thomas Vincent Girardi<br>100 N. Los Altos Drive<br>Pasadena, CA 91105 | Robert J. Girardi<br>3662 Aquarius Drive<br>Huntington Beach, CA 92649 |
| Robert J. Girardi<br>c/o Leonard Pena<br>Pena & Soma, APC<br>402 South Marengo Avenue<br>Suite B<br>Pasadena, CA 91101 | Robert J. Girardi<br>c/o Nicholas Van Brunt<br>Sheppard Mullin Richter & Hampton<br>1901 Avenue of the Stars, Suite 1600<br>Los Angeles, CA | Courtesy Copy<br>Honorable Barry Russell<br>U.S. Bankruptcy Court<br>255 E. Temple St.<br>Suite 1660<br>Los Angeles, CA 90012 |

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **December 28, 2021**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

*None.*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | |
|---|---|---|
| December 28, 2021 | Stephanie Reichert | */s/ Stephanie Reichert* |
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                    **F 9013-3.1.PROOF.SERVICE**